UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GRISELDA HERNANDEZ-GARCIA, ) <br> Individually and as Mother and Next ) <br> Friend of S.G., a Minor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDEPENDENT SCHOOL DISTRICT ) <br> NO. 1 OF TULSA COUNTY, OKLAHOMA, ) <br> BRIAN DRABEK, THOMAS PADALINO, ) <br> CHRISTY CAPPS, and MELANIE HEIL, ) <br> ) <br> ) <br> Defendants. ) | Case No. 15-CV-263-CVE-FHM |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Review of Taxation of Costs to Defendants and Brief in Support (Dkt. # 113). Plaintiff claims that she is indigent and unable to pay the costs awarded by the Court Clerk, and she asks the Court to vacate the Court Clerk's award of costs. In the alternative, she asks the Court to prorate the award of costs to the extent that the costs were not relevant to her claim under 20 U.S.C. § 1681 (Title IX), and she suggests that defendant is not yet a prevailing party because certain of plaintiff's claims were dismissed without prejudice. Defendants have filed a response (Dkt. # 114) to plaintiff's objection and they ask the Court to reject plaintiff's objections to the Court Clerk's award of costs.

Plaintiff Griselda Hernandez-Garcia, proceeding individually and on behalf of her minor daughter S.G., filed this case alleging that S.G. attended Thoreau Demonstration Academy in Tulsa, Oklahoma, and she claimed that Brian Drabek, a teacher at the school, sexually harassed S.G. She alleged a claim under Title IX and state law claims of intentional infliction of emotional distress,

assault and battery, and negligence per se. Dkt. # 5. Each defendant except Drabek filed a motion for summary judgment (Dkt. ## 44, 45, 46, 47), and the Court entered an opinion and order (Dkt. # 99) granting in part the motions for summary judgment. The Court found that plaintiff had not shown that the school district or officials at the school were aware of Drabek's conduct or were deliberately indifferent to a risk that S.G. would be sexually harassed by Drabek, and the Court granted the summary judgment motions as to plaintiff's Title IX claims. Dkt. # 99, at 21. The Court dismissed plaintiff's state law claims for lack of subject matter jurisdiction. Plaintiff has filed a notice of appeal (Dkt. # 105). Defendant filed a timely bill of costs (Dkt. # 102) seeking $6,324.90 in costs, and plaintiff filed an objection (Dkt. # 108) asking the Court Clerk to deny defendant's request for costs in its entirety or defer a ruling on the issue of costs until plaintiff's appeal was resolved. On August 3, 2016, the Court Clerk entered an order (Dkt. # 112) awarding defendant costs in the amount of $6,324.90.

In civil cases, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The award of costs is within "the court's sound discretion," but "the established rule is that costs are generally awarded to the prevailing party." Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004). "The apparent intendment of Rule 54(d) is that the prevailing party is presumptively entitled to costs, and that it is incumbent on the losing party to overcome such presumption, since the denial of costs is in the nature of a penalty." Serna v. Manzano, 616 F.2d 1165, 1167 (10th Cir. 1980). Any objections to the Court Clerk's order granting or denying costs must be filed within seven days, or those objections are waived. Fed. R. Civ. P. 54(d); Bloomer v.

United States, 337 F.3d 1220 (10th Cir. 2003). In this case, plaintiff has filed a timely objection the Court Clerk's order awarding defendant costs, and plaintiff's objection is properly before the Court.

Plaintiff's primary argument is that the Court Clerk's award of costs should be vacated because plaintiff is indigent and unable to pay any amount of costs. Dkt. # 113, at 2-3. She states that she illegally entered the United States in 1999 and she works as a waitress. Id. at 3. She has three children and she receives public assistance. Id. Plaintiff has a fourth grade education and she does not read or write English, and she speaks limited English and required an interpreter for her deposition. Id. Indigence can be a factor in the district court's exercise of its discretionary authority to award costs, but by itself a non-prevailing party's indigence is generally not sufficient to deny costs to the prevailing party. Rodriguez, 360 F.3d at 1190; Sandle v. Principi, 201 F. App'x 579, 583 (10th Cir. Oct. 17, 2006).[1] However, the denial of costs to a prevailing party is clearly considered a penalty under Tenth Circuit precedent, and the plaintiff must show that factors other than indigence are also present to overcome the presumption that a prevailing party's request for costs should be denied. Rodriguez, 360 F.3d at 1190. These factors include acts of bad faith by the prevailing party, a nominal award of costs, the presence of close or difficult issues, or unreasonably high or unnecessary costs. AeroTech, Inc. v. Estes, 110 F.3d 1523, 1526-27 (10th Cir. 1997).

The Court finds that plaintiff has not met her burden to show that defendant's request for costs should be denied solely due to her indigence. Plaintiff does not argue that defendants engaged in bad faith litigation conduct and the Court independently finds no evidence of such conduct. Plaintiff does not argue that the costs requested by defendant are excessive or were unnecessarily

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

3

incurred, and she has made no argument that her case presented unusually close or difficult issues. Plaintiff's motion for review of the Court Clerk's award of costs is focused solely on her indigence, and this by itself should not be a reason to penalize defendant by denying its bill of costs.

Plaintiff makes several alternative arguments in attempt to reduce or defer the award of costs. She argues that the award of costs should be reduced because the Court entered judgment only as to her Title IX claim and a "significant" portion of the costs sought by defendant relate only to her state law claims. Dkt. # 113, at 4. However, plaintiff has made no attempt to identify any specific costs requested by defendant that were unrelated to her Title IX claim, and the Court will not reduce or "prorate" the bill of costs based on plaintiff's unsupported argument. Plaintiff argues that defendants are not prevailing parties, because the Court did not enter a judgment as to her state law claims and no final judgment has been entered in this case. Id. The Court does have the discretion to reduce an award of costs when a party has been partially successful. Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1234 (10th Cir. 2001). Even though plaintiff's state law claims were dismissed without prejudice, this is not a case where the dismissal of certain claims represented partial success by defendants. Plaintiff abandoned many of her state law claims in response to the motion for summary judgment, and the parties' summary judgment briefing clearly shows that plaintiff viewed her Title IX claim as her most significant claim against defendants. See Dkt. # 99, at 11. The Court does not view defendants as partially successful merely because certain claims were dismissed for lack of subject matter jurisdiction, and the summary judgment ruling disposed of the central issues in the case. Finally, plaintiff asks the Court to defer an award of costs in favor of defendants until plaintiff's appeal is resolved. Plaintiff has cited no authority supporting this request and the Court

4

declines to defer the imposition of costs, but the parties may reach an agreement among themselves if defendants are willing to defer collecting the costs awarded by the Court Clerk.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review of Taxation of Costs to Defendants and Brief in Support (Dkt. # 113) is **denied**.

**DATED** this 4th day of October, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE